**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BRIAN NELSON**                                                                         **PETITIONER**

**VS.**                   **CASE NO.: 5:15CV00013 BSM/BD**

**WENDY KELLEY, Director,
Arkansas Department of Correction**                              **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections within fourteen (14) days of the date of the Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection.

If no objections are filed, Chief Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Background**

On September 10, 2010, a Grant County, Arkansas jury found Petitioner Brian Nelson guilty of four counts of sexual assault of a minor and sentenced him to fifty-six years' imprisonment in the ADC. *Nelson v. State*, 2011 Ark. 429, 1. Mr. Nelson appealed to the Arkansas Supreme Court, arguing that the trial court erred by denying his

1

motion for directed verdict, by denying his motion to declare the Arkansas Rape Shield Law unconstitutional, by allowing his statement to police into evidence, and by not allowing a witness to testify as to the minor victim's reputation for truthfulness. *Id*. The Supreme Court disagreed and affirmed the conviction. *Id*. at 10.

Mr. Nelson filed a timely petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1 with the trial court on December 15, 2011. (#1 at pp. 65-74, 94-96) The trial court denied the petition on December 30, 2011, and Mr. Nelson did not appeal. (#1 at p. 100) *Nelson v. State*, 2013 Ark. 316, 1 (2013).

Mr. Nelson moved to file a belated appeal with the Arkansas Supreme Court on October 25, 2012. *Nelson v. State*, 2013 Ark. 316, 1 (2013). On September 5, 2013, because there was nothing in the record indicating that Mr. Nelson was properly notified of the trial court's order of dismissal of his Rule 37 petition, the Arkansas Supreme Court granted his motion to file a belated appeal. *Id*.

Mr. Nelson moved for an extension of time to file his brief with the Arkansas Supreme Court. *Nelson v. State*, 2014 Ark. 28, 1. On January 23, 2014, the Court found that Mr. Nelson could not prevail, dismissed the appeal, and denied his motion for an extension of time to file the brief as moot. *Id*. at 2-9.

Mr. Nelson mailed a petition for reduction of sentence to the Grant County Circuit Court on March 20, 2014. (#1 at pp. 118-127) The circuit court dismissed the petition on March 28, 2014. (*Id*. at p. 131)

In this federal habeas petition, filed December 24, 2014, Mr. Nelson complains that the trial court erred by denying his motion for directed verdict, denying his motion to declare the rape shield law unconstitutional, allowing his statement to police to be admitted, and prohibiting a witness from testifying about the victim's reputation for truthfulness.  (#1 at pp. 6-13)  He also complains that his trial counsel was ineffective for failing to file a motion to have the trial judge recuse, for failing to file a proper motion to suppress his statement, and for failing to insure that Agent Shepard was at the suppression hearing and trial.  (*Id*. at pp. 13-19)  Mr. Nelson further complains that his trial counsel had a conflict of interest because she had a son the same age as the victim in the case.  In addition, he argues that it was unconstitutional for the judge to instruct the jury regarding parole eligibility.  (*Id*. at pp. 19-32)  In his April 18, 2015 amended petition, Mr. Nelson claims that one of his trial lawyers was mentally unstable when she represented him. (#15)

Director Wendy Kelley has responded to the petition.  (#16)  She maintains that Mr. Nelson's claims are either barred by the statute of limitations, are procedurally defaulted, or lack merit.  For the reasons discussed below, the Court recommends that Mr. Nelson's petition be denied and dismissed.

### III.    The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to

commence habeas corpus proceedings under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Nelson appealed his conviction to the Arkansas Supreme Court, which affirmed on October 13, 2011. He did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, the statute of limitations began to run on January 13, 2012, after the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008); UNITED STATES SUPREME COURT RULE 13.1 (90 day time limit for filing a writ of certioari).

Mr. Nelson did not file this habeas petition until December 24, 2014. Accordingly, his claims are barred by the one-year statute of limitation unless the statute of limitations can be tolled.

A.   Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A state post-conviction application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules

governing filings, including the form of the document, the time limits for its delivery, the court and office in which it must be lodged, and the requisite filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).

Mr. Nelson filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, but the court denied the petition on December 30, 2011. *Id*. Mr. Nelson did not file a timely appeal of that denial. Because statutory tolling applies, the limitations period was tolled through January 29, 2012, when Mr. Nelson's time to appeal the denial of his Rule 37 petition expired. See ARK. R. APP. P. CIV. 4(a)(notice of appeal must be filed within thirty (30) days of the entry of the order appealed from); see also *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009)(limitations period tolled until the time for filing a notice of appeal from the circuit court's order expired); *Small v. Norris*, No. 5:08CV00273JLH-HLJ, 2009 WL 1529463, at *5-6 (E.D. Ark. June 1, 2009)(same).

The limitations period began running again on January 30, 2012, and ran until October 25, 2012, when Mr. Nelson filed his motion to file a belated appeal with the Arkansas Supreme Court – a total of 268 days. Because there was no evidence that Mr. Nelson received a copy of the trial court's order dismissing his Rule 37 petition, the Arkansas Supreme Court granted his motion.

Mr. Nelson did not file his brief with the Arkansas Supreme Court on the date it was due, but instead requested an extension. *Nelson v. State*, 2014 Ark. 28, 1. On

January 23, 2014, the Court dismissed Mr. Nelson's appeal and found that his motion for extension of time to file his brief was moot. *Nelson v. State*, 2014 Ark. at 9.

The statute of limitations began to run again on January 24, 2014, after the Arkansas Supreme Court dismissed Mr. Nelson's belated appeal, and ran until March 20, 2014, when he filed his petition for reduction of sentence[1] – a total of 54 days. The circuit court dismissed the petition on March 28, 2014, so the statute of limitations ran from March 29, 2014 until the one-year limitations period expired on May 12, 2014. Mr. Nelson did not file the current petition until December 24, 2014, more than seven months later. Accordingly, Mr. Nelson's claims are barred unless he establishes that he is entitled to equitable tolling.

B.   *Equitable Tolling*

The limitations period in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling, however, only if he shows: (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented a timely filing. *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

---

[1]The Court assumes, without deciding, that Mr. Nelson's motion for reduction of sentence was a properly filed state post-conviction application which tolled the statute of limitations.

Here, Mr. Nelson has not established that extraordinary circumstances prevented him from filing a timely habeas petition. He does not allege that the conduct of any State actor made it impossible for him to raise claims he now brings. He does not point to any action or circumstance attributable to the State – or to any other cause – that prevented him, in the exercise of reasonable diligence, from discovering and raising his claims in a timely habeas petition.

The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. See, *e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004).

Even after the Arkansas Supreme Court dismissed his appeal, Mr. Nelson still had 97 days to file his petition, but he waited eleven months. In *Pace*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. *Pace*, 544 U.S. at 419. The Eighth Circuit held that waiting 277 days after the Arkansas Supreme Court denied rehearing to file was not diligent. *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010).

Based on the record, the Court cannot conclude that Mr. Nelson diligently pursued his rights or that extraordinary circumstances stood in the way of his doing so. Accordingly, equitable tolling cannot save his federal petition.

C. *Actual Innocence*

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the United States Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir. 2011), cert. denied, 133 S.Ct. 137 (2012).

Mr. Nelson's claims here rest on his assertions of judicial misconduct and ineffective assistance of counsel. He has not come forward with any new evidence establishing actual innocence in order to overcome the expiration of the statute of limitations.

## IV. **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. A certificate of appealability may issue only if Mr.

Nelson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c)(1)-(2). In this case, after considering Mr. Nelson's petition and his addendum, he has not provided a basis for the Court to issue a certificate of appealability.

## V.      Conclusion

After reviewing Mr. Nelson's claims for habeas relief in his petition and amended petition, it is clear that the claims are barred by the one-year limitations period established by 28 U.S.C. § 2244(d). Accordingly, the Court recommends that Mr. Nelson's petition for writ of habeas corpus (#1) and amended petition for writ of habeas corpus (#15) be DISMISSED, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 15th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE